UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES D. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 17-2058-JDT-cgc |
| | ) | |
| LATONYA BURROWS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT
AND TO COMPLY WITH 28 U.S.C. §§ 1915(a)(1)-(2) OR
PAY THE ENTIRE $400 CIVIL FILING FEE

On January 24, 2017, Plaintiff James D. Smith, an inmate at the Leon County Jail in Tallahassee, Florida, filed a *pro se* document titled "1983 Prisoner Complaint, Civ. Title 5 & 6, Crim 181512 – 18:249, ADA Act." (ECF No.1.) The Defendants are listed as Attorney LaTonya Burrows, the Shelby County Mayor's Office, the State of Tennessee, and Tennessee Governor Bill Haslam. (*Id.*) Plaintiff did not pay the $400 civil filing fee or submit an application to proceed *in forma pauperis* and a certified copy of his inmate trust account for the last six months, as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b).

The "complaint" states, in its entirety: "Comes now the plaintiff James D. Smith by and through pro se status moving for the Clerk to issue 4 copies forma pauperis packets to proceed with the above titled cases – crim & civil." (ECF No. 1.)

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants.")

Here, Plaintiff's complaint refers only to broad statutes in the title of the document. The body of the complaint is merely a one-sentence request to proceed with the case that includes no factual allegations or specific causes of action. Such a request is entirely inadequate to state any claim on which relief may be granted. Therefore, Plaintiff is ORDERED to file an amended complaint within 30 days after the date of this order. The text of the amended complaint must set forth the specific causes of action that are asserted and must allege sufficient facts to support each of those claims. If Plaintiff fails to timely file an amended complaint the Court will dismiss the case without further notice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* at 604. However, in order to take advantage of the installment procedures, the prisoner must complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit and a certified copy of his inmate trust account statement for the last six months. *See* 28 U.S.C. § 1915(a)(2).

As stated, Plaintiff has failed to pay the $400 civil filing fee or submit an *in forma pauperis* affidavit and trust account statement in accordance with the PLRA. Therefore, Plaintiff is also ORDERED to submit, within 30 days after the date of this order, either the entire $400 filing fee or a properly completed and executed application to proceed *in forma pauperis* and certified copy of his inmate trust account statement for the last six months. The Clerk is directed to mail Plaintiff a copy of the prisoner *in forma pauperis* affidavit form along with this order.

If Plaintiff timely submits the necessary financial information and the Court finds that he is indeed indigent, the Court will grant leave to proceed *in forma pauperis* and assess only a $350 filing fee in accordance with the installment procedures of 28 U.S.C. § 1915(b). However, if Plaintiff fails to comply with this order in a timely manner the Court will deny leave to proceed *in forma pauperis*, assess the entire $400 filing fee from

his inmate trust account without regard to the installment payment procedures,[1] and dismiss the action without further notice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). *McGore*, 114 F.3d at 605.

If Plaintiff needs additional time to submit either an amended complaint or his financial information, he may, within 30 days after the date of this order, file a motion for an extension of time.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees . . . as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Thus, if the Court denies leave to proceed *in forma pauperis*, Plaintiff will be liable for the additional $50 fee.